**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

FILED
2012 JUL 16 P 3:11
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PROVIDENCE PIERS, LLC,<br>*Plaintiff*,<br><br>v.<br><br>SMM NEW ENGLAND, INC.; and THE CITY OF PROVIDENCE, RHODE ISLAND; and ANDREW J. ANNALDO, in his capacity as Chairman & Secretary of the City of Providence Board of Licenses; ARYS BATISTA, in his capacity as Vice Chairman of the City of Providence Board of Licenses; ALLENE MAYNARD, in her capacity as Member of the City of Providence Board of Licenses; JEFFREY WILLIAMS, in his capacity as Member of the City of Providence Board of Licenses; EVERETT BIANCO, in his capacity as Member of the City of Providence Board of Licenses,<br>*Defendants*. | C.A. No. _____<br><br>REMOVED FROM:<br><br>SUPERIOR COURT FOR THE STATE OF RHODE ISLAND PROVIDENCE COUNTY<br>(State Court C.A. No. PC 12-3339)<br><br>CA12-532 S |

## NOTICE OF REMOVAL

Defendant SMM New England Corporation ("SMM"), erroneously sued as SMM New England Inc., by and through its undersigned counsel, hereby files its Notice of Removal of this action (the "Action") from the Superior Court of the State of Rhode Island, County of Providence, to the United States District Court for the District of Rhode Island.

The Defendant appears for the purpose of removal only and for no other purpose, reserves all defenses and rights available to it, and states as follows:

1. Pursuant to Local Rule 81, attached as Exhibit A is a copy of Plaintiff Providence Piers, LLC's ("Providence Piers") Amended Verified Complaint commencing the action in the

616075.1

Superior Court of the State of Rhode Island, County of Providence, Docket No. PC 12-3339.

2. On July 9, 2012, Plaintiff served the original Verified Complaint on SMM. On July 13, 2012, Plaintiff emailed a copy of the Amended Verified Complaint to SMM's counsel.

3. SMM has not served responsive pleadings to the Verified Complaint or Amended Verified Complaint and no orders have been issued in the Action.

4. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of removal is filed within 30 days of SMM's receipt of service of the Verified Complaint.

5. Plaintiff Providence Piers is a Rhode Island limited liability company.

6. Defendant SMM is a Delaware corporation with a principal office located in Connecticut.

7. The Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. The fact that Defendants the City of Providence, R.I. and Providence Board of Licenses members Andrew J. Annaldo, Arys Batista, Allen Maynard, Jeffrey Williams, and Everett Bianco (collectively, "the City") constitute a Rhode Island governmental entity does not defeat diversity because the City is a fraudulently joined party whose citizenship should be disregarded for the purposes of determining the existence of diversity jurisdiction. *See Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 67 (D.R.I. 2002) ("This right of removal cannot be defeated by a fraudulent joinder of a non-diverse defendant 'having no real connection with the controversy.'" (citations omitted)); *see also Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983) ("A party fraudulently joined to defeat removal need not join in a removal

petition, and is disregarded in determining diversity of citizenship."); *Lawrence Builders, Inc. v. Kolodner*, 414 F. Supp. 2d 134, 137 (D.R.I. 2006) ("[O]nce a court has determined that a party has been fraudulently joined, it proceeds to analyze jurisdiction without reference to the fraudulently joined party.").

9.  Plaintiff's fraudulent joinder of the City is demonstrated in at least two different manners. First, joinder is fraudulent because Plaintiff has not asserted a cause of action or claim against the City. *See, e.g., Lawrence Builders*, 414 F. Supp. 2d at 137 (finding fraudulent joinder because the plaintiff's complaint against the non-diverse defendant "states no cause of action"); *LaFazia v. Ecolab, Inc.*, No. 06-491ML, 2006 U.S. Dist. LEXIS 89890, at *8 (D.R.I. Dec. 11, 2006) (finding fraudulent joinder because "no cause of action in Superior Court ever existed against" the non-diverse defendant). The Verified Complaint alleges two claims against the City: "Preliminary Injunction" and "Declaratory Relief." However, neither claim constitutes a valid cause of action; rather, a request for a preliminary injunction or declaratory relief is a procedural remedy. *Akins v. Penobscot Nation*, 130 F.3d 482, 490 n.8 (1st Cir. 1997) (noting that declaratory judgment statutes do not create substantive causes of action and that plaintiffs therefore "must rely on an independent source for their claims" when requesting declaratory relief); *F. Saia Rests., LLC v. Pat's Italian Food to Go, Inc.*, No. PB 12-1294, 2012 R.I. Super. LEXIS 86, at *18 (June 5, 2012) ("[I]njunctive relief is not an independent cause of action; rather, 'injunctive relief is a remedy and, can not, in itself, be recognized as a substantive claim.'" (quoting *State v. Lead Indus. Ass'n, Inc.*, No. 99-5226, 2001 R.I. Super. LEXIS 37, at *17 (Apr. 2, 2001))); *Adler v. Schultz*, No. 9705154F, 1999 WL 1320337, at *13 (Mass. Super. Ct. Feb. 24, 1999) ("BankBoston correctly argues that declaratory judgment is a form of relief, not a cause of action.").

616075.1

10. Second, to the extent that Plaintiff's request for a preliminary injunction and declaratory relief can be liberally interpreted as claims against the City, it would be a challenge to one or more licenses issued to SMM pursuant to R.I. Gen. Laws §§ 5-21-1, *et seq.* However, the Rhode Island Superior Court is without jurisdiction to hear challenges to a city's issuance of a license under R.I. Gen. Laws §§ 5-21-1, *et seq.*; rather, the proper procedure is to file a petition for certiorari with the Supreme Court of Rhode Island and request injunctive or declaratory relief with that court. *See, e.g., Phelps v. Bay St. Realty Corp.*, 425 A.2d 1236, 1239-40 (R.I. 1981) (reminding litigants that the proper procedure for challenging a city's licensing decision is to file a writ of certiorari with the Supreme Court of Rhode Island and holding that litigants cannot circumvent this process by requesting an injunction or declaratory relief in the Rhode Island Superior Court); *see also Cullen v. Town Council of Lincoln*, 893 A.2d 239, 249 (R.I. 2006) ("In a long line of cases . . . this [Rhode Island Supreme] Court has held that 'the proper procedure for direct appellate review of the actions of town councils in granting or denying license applications is by a writ of certiorari to this court, except where a right of appeal is specifically provided by statute.'" (citations omitted)); *Bourque v. Dettore*, 589 A.2d 815, 817 (R.I. 1991) (petition for certiorari to Supreme Court of Rhode Island challenging by Providence Board of Licenses's denial of license to operate recycling facility under R.I. Gen. Laws §§ 5-21-1, *et seq.*); *Goldberg v. Board of Licenses of Providence*, 525 A.2d 1295, 1295 (R.I. 1987) (petition for certiorari to Supreme Court of Rhode Island challenging by Providence Board of Licenses's grant of junk-dealer's license under R.I. Gen. Laws §§ 5-21-1, *et seq.*); *Aldee Corp. v. Flynn*, 72 R.I. 199, 201, 49 A.2d 469, 470 (1946) ("Even since 1905, especially in license cases, this court has invariably, as far as we are aware, reviewed the actions of local police and licensing bodies, including town councils, by *certiorari*."). For this reason, Plaintiff has no legal basis to bring its

putative claim against the City, much less to join the City to Plaintiff's Amended Verified Complaint against SMM.

11. Pursuant to 28 U.S.C. § 1446(d) and Local Rule 81(a), SMM promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of Rhode Island, County of Providence, and will serve a copy of the same on counsel for Plaintiff.

12. Pursuant to Local Rule 81(b), SMM will file certified copies of the docket sheets and certified copies of all documents filed in this action within fourteen days of filing this notice of removal.

WHEREFORE, SMM respectfully removes the Action now pending in the Superior Court of the State of Rhode Island, County of Providence, Docket No. 12-3339, to the United States District Court for the District of Rhode Island.

Dated: Providence, Rhode Island
       July 16, 2012

                              SMM NEW ENGLAND CORPORATION
                              By its attorneys,

                              Richard R. Beretta, Jr. (#4313)
                              Geoffrey W. Millsom (#6483)
                              Brenna L. Anatone (#8555)
                              ADLER POLLOCK & SHEEHAN P.C.
                              One Citizens Plaza, 8th Floor
                              Providence, RI 02903-1345
                              Tel: (401) 274-7200
                              Fax: (401) 351-4607
                              gmillsom@apslaw.com

616075.1

## **VERIFICATION**

I, \_\_\_\_\_Anthony Izzo_____, [President] of SMM New England Corporation, hereby certify that I have read the foregoing Notice of Removal and that all of the allegations therein are true and accurate to the best of my knowledge and belief.

_____
Anthony Izzo

Subscribed and sworn to before me
this __16th__ day of July, 2012.

_____
Notary Public
My Commission Expires:

> RICHARD J. HAVERTY
> Notary Public-State of Rhode Island
> My Commission Expires
> **August 10, 2015**

6

616075.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 16 day of July, 2012, a copy of the foregoing Notice of Removal was sent via first class mail to the following:

Michael A. Kelly, Esq.
Law Office of Michael A. Kelly, PC
128 Dorrance Street, Suite 300
Providence, RI 02903

Jeffrey M. Padwa, Esq.
Solicitor, City of Providence
444 Westminster Street, Suite 220
Providence, RI 02903

*/s/ Brenna A. Stratone*