```
                   UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND


_____
                                   )
PROVIDENCE PIERS, LLC,             )
                                   )
          Plaintiff,               )
                                   )
     v.                            )      C.A. No. 12-532-S
                                   )
SMM NEW ENGLAND, INC.; THE CITY    )
OF PROVIDENCE, RHODE ISLAND;       )
ANDREW J. ANNALDO, in his          )
capacity as Chairman & Secretary   )
of the City of Providence Board    )
of Licenses; ARYS BATISTA, in      )
his capacity as Vice Chairman of   )
the City of Providence Board of    )
Licenses; ALLENE MAYNARD, in her   )
capacity as Member of the City     )
of Providence Board of Licenses;   )
JEFFREY WILLIAMS, in his           )
capacity as Member of the City     )
of Providence Board of Licenses;   )
and EVERETT BIANCO, in his         )
capacity as Member of the City     )
of Providence Board of Licenses,   )
                                   )
          Defendants.              )
_____)
```

## **OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court is Plaintiff Providence Piers, LLC's ("Providence Piers" or "Plaintiff") Motion to Remand this case to the Rhode Island Superior Court. For the reasons stated below, the motion is DENIED.

I.  Background

This action began as a suit by Providence Piers, a Rhode Island limited liability company, against SMM New England, Inc. ("SMM"), a Delaware corporation, for negligence, tortious interference with Plaintiff's use of its real property, trespass, private nuisance, and temporary and permanent injunctive relief in connection with damage to a building (the "Building") on Plaintiff's land allegedly due to a scrap metal pile on SMM's land.  Plaintiff subsequently dismissed its initial suit and filed a substantially identical complaint that, in addition to the claims listed above against SMM, also seeks injunctive and declaratory relief against the City of Providence, Rhode Island and each of the individuals named as Defendants in his or her capacity as a member of the City of Providence Board of Licenses (collectively, the "City").  SMM removed the case to this Court pursuant to 28 U.S.C. § 1441, arguing diversity of citizenship.  Plaintiff now moves to remand, contending a lack of complete diversity because both Plaintiff and the City are Rhode Island entities.

II. Facts

Plaintiff is the owner of the property located at 200 Allens Avenue, Providence, Rhode Island, where the Building, which is on the National Register of Historic Places, stands. In 2005, a tower (the "South Tower") was added to the south face

of the Building, but, in order to preserve the historic structure, the South Tower was not physically attached to the Building.

In October 2011, SMM began stockpiling scrap metal on the lot immediately south of Plaintiff's lot. Because the Providence harbor required dredging before ships could remove the scrap metal from SMM's property, the scrap metal began to accumulate. It grew to more than 50,000 tons and was located 50-100 feet from the Building.

On January 18, 2012, the City approved a "junkshop" license for SMM under R.I. Gen. Laws § 5-21-1 (Local licensing-Fees-Penalty-Record of transaction).[1] Plaintiff claims that the junkshop license was improperly issued by the City because Rhode Island law provides that no license shall be granted for a junkshop that is (i) less than 1000 feet from the nearest edge of any highway on the interstate or primary system, or (ii) less than 600 feet from any other state highway. R.I. Gen. Laws § 5-21-4. Plaintiff alleges that the pile was located less than

---

[1] While both Plaintiff's Complaint and SMM's Answer stated that the junkshop license had been "issued" to SMM on January 18, 2012, SMM clarified during oral argument that the City approved the license in January and then issued it on November 9, 2012. (Oral Argument Tr. 12, Nov. 28, 2012.) The record indicates that SMM operated as a junkshop before the issuance of the license without being fined or sanctioned in any way, suggesting that a junkshop license may not be necessary for SMM to legally stock pile scrap metal on its property.

3

1000 feet from I-95 and less than 600 feet from Allens Avenue, a state highway.

Plaintiff's tort claims against SMM assert that its historic Building has been damaged by the accumulating tower of scrap metal located within a stone's throw of its walls. Plaintiff's claims for equitable relief against the City request an injunction ordering the City to rescind the junkshop license issued to SMM and to not renew it in 2013, and declaratory relief to the effect that the junkshop license was issued in contravention of state law.  (Notice of Removal, Ex. A, ¶¶ 73-92, ECF No. 1-1.)

III. Discussion

It is well settled that a federal court has diversity jurisdiction over a matter only when complete diversity exists between the parties; that is, when no plaintiff is a citizen of the same state as any defendant.  Diaz-Rodriguez v. Pep Boys Corp., 410 F.3d 56, 58 (1st Cir. 2005); 28 U.S.C. § 1332(a). Additionally, diversity jurisdiction exists only over matters where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

A.  Diversity of Citizenship

Neither party disputes that this Court has original jurisdiction but for the joinder of the City.  SMM argues that diversity exists among the parties because the City was

4

fraudulently joined, and it should therefore be disregarded for purposes of determining whether diversity of citizenship exists. See Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983) ("A party fraudulently joined to defeat removal . . . is disregarded in determining diversity of citizenship."); Lawrence Builders, Inc. v. Kolodner, 414 F. Supp. 2d 134, 137 (D.R.I. 2006) ("[O]nce a court has determined that a party has been fraudulently joined, it proceeds to analyze jurisdiction without reference to the fraudulently joined party."). "Fraudulent joinder describes any improper joinder, so a defendant need not prove that the plaintiff intended to mislead or deceive in order to sustain its burden" of proving that a party was fraudulently joined. Antonucci v. Cherry Hill Manor, C.A. No. 06-108ML, 2006 WL 2456488, at *2 (D.R.I. Aug. 22, 2006). This Court has stated that "[t]he linchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse party has a reasonable basis in law and fact." Gabrielle v. Allegro Resorts Hotels, 210 F. Supp. 2d 62, 67 (D.R.I. 2002).

Here, joinder of the City was improper. The only purpose of the action against the City is to challenge the issuance, and to seek the revocation, of the license issued to SMM to operate as a junkshop. The Rhode Island Supreme Court has made clear that only it has jurisdiction to hear appeals of licensing

5

decisions by the City.[2]  See Phelps v. Bay St. Realty Corp., 425 A.2d 1236, 1239-40 (R.I. 1981) (petition for a writ of certiorari to the Rhode Island Supreme Court was the proper procedure to seek to overturn a parking lot license that violated town ordinances); E. Scrap Servs., Inc. v. Harty, 341 A.2d 718, 718-20 (R.I. 1975) (proper procedure to review the denial of a second-hand shop license under R.I. Gen. Laws § 5-21-1 was to seek a writ of certiorari); Aldee Corp. v. Flynn, 72 R.I. 199, 200-02 (R.I. 1946) (proper procedure for review of denial of an application for a gasoline filling station license was to seek a writ of certiorari).  The proper procedure to challenge the license and obtain the relief sought by Plaintiff would be to petition the Rhode Island Supreme Court for a writ of certiorari.

Because Plaintiff may not pursue the injunctive and declaratory relief sought in Rhode Island Superior Court, the City was a fraudulently joined party.  Cf. Lafazia v. Ecolab, Inc., C.A. No. 06-491ML, 2006 WL 3613771, at *1 (D.R.I. Dec. 11, 2006) (District Court for the District of Rhode Island could

---

[2] During oral argument, Plaintiff characterized its challenge to the approval of the junkshop license as a challenge to the validity of the city ordinance under which the license was issued. (Oral Argument Tr. 4-5, Nov. 28, 2012.)  This is not consistent with Plaintiff's Complaint.  The prayers for relief in the Complaint clearly amount to claims that the grant of a junkshop license to SMM by the City violated the state's licensing statute.

6

exercise diversity jurisdiction because non-diverse defendants were fraudulently joined where all claims against them should have been brought in Workers' Compensation Court rather than Rhode Island Superior Court).

Plaintiff also argues that the City is an indispensable party that must be joined even when no separate claim against it is raised. See <u>Audi of Smithtown, Inc. v. Volkswagen of Am., Inc.</u>, No. 08-CV-1773 (JFB)(AKT), 2009 WL 385541, at *5 (E.D.N.Y. Feb. 11, 2009) (finding that non-diverse defendant was not fraudulently joined, even though no claim was asserted against it, because it was a necessary party in that its interests would be substantially effected by a judgment against the diverse defendant). This Court does not agree. Rule 19(a) of the Federal Rules of Civil Procedure states that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A)  in that person's absence, the court cannot accord complete relief among existing parties; or
> (B)  that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i)  as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

7

Fed. R. Civ. P. 19(a)(1).[3] This Court has the ability to award complete relief to the Plaintiff even without the City as a defendant. The Court may award compensatory damages and/or injunctive relief preventing SMM from operating its business in a manner detrimental to Plaintiff. Furthermore, neither the City, nor any other party, has alleged that the City has any independent interest at stake in this litigation. While Plaintiff argues that the City must be joined because SMM will be harmed if the City is prevented from re-issuing the junkshop license to SMM, this argument has no merit because SMM is already a party to the suit as a defendant and is seeking no affirmative relief.

B. Amount in Controversy

SMM has carried its burden of showing that the amount in controversy exceeds $75,000. "The party invoking federal

---

[3] Plaintiff refers to the Rhode Island Superior Court Rules of Civil Procedure to argue that the City is a necessary and indispensable party. However, the federal rules govern here. "Federal courts sitting in diversity apply state substantive law and federal procedural rules." Correia v. Fitzgerald, 354 F.3d 47, 53 (1st Cir. 2003). While the line between a substantive law and a procedural rule is often fine, "[w]hen a situation is covered by one of the Federal Rules [of Civil Procedure] . . . the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee [on the Federal Rules of Civil Procedure], [the Supreme Court], and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the [Rules] Enabling Act nor constitutional restrictions." Hanna v. Plumer, 380 U.S. 460, 471 (1965). Regardless, the City is not necessary and indispensable under either the state or federal rules of civil procedure.

8


jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case." Amoche v. Guar. Trust Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009). Though the First Circuit has not prescribed the removing party's burden of proving the amount in controversy for purposes of diversity jurisdiction where the plaintiff has not alleged an amount of damages in the pleadings, Milford-Bennington R.R. Co. v. Pan Am Rys., Inc., 695 F.3d 175, 178-79 (1st Cir. 2012), this Court agrees with several recent district court decisions which hold that defendants must show a "reasonable probability" that the amount in controversy exceeds $75,000. See, e.g., Reynolds v. World Courier Ground, Inc., 272 F.R.D. 284, 285-86 (D. Mass. 2011); Mut. Real Estate Holdings, LLC v. Houston Cas. Co., Civil No. 10-cv-236-LM, 2010 WL 3608043, at *3 (D.N.H. Sept. 13, 2010); Youtsey v. Avibank Mfg., Inc., 734 F. Supp. 2d 230, 236 (D. Mass. 2010). Moreover, the First Circuit has held definitively that a defendant removing a case to federal court under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of Title 28), must show a reasonable probability that the amount in controversy will exceed the jurisdictional threshold. Amoche, 556 F.3d at 48-49. There is no reason why the burden for showing that the jurisdictional amount is met should be different for removal under diversity of citizenship than it is

under CAFA. See Youtsey, 734 F. Supp. 2d at 236 ("In this court's view, every reason the First Circuit used in Amoche in arriving at the 'reasonable probability' standard in the context of CAFA applies equally as well [in the context of diversity of citizenship].").

SMM has established to a reasonable probability that if Plaintiff's allegations are true, the damages would exceed $75,000. It submitted with its Objection to Plaintiff's Motion to Remand a Declaration of James P. McLoughlin, P.E., (ECF No. 12), an experienced structural engineer, stating that the cost of repairing the Building and the South Tower would exceed $75,000. Such a declaration may be considered even though it was submitted subsequent to the Notice of Removal. See Willingham v. Morgan, 395 U.S. 402, 407 n.3 (1969) ("This [jurisdictional] material should have appeared in the petition for removal. However, for purposes of this review it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits."); Cohn v. Petsmart, Inc., 281 F.3d 837, 840 n.1 (9th Cir. 2002) (treating the defendant's objection to the motion to remand for lack of diversity jurisdiction as an amendment to the notice of removal to include evidence of the amount in controversy). Therefore, Plaintiff has satisfied its

burden of showing that the amount in controversy requirement for diversity jurisdiction has been met.

IV. Conclusion

For the reasons discussed above, this Court finds that the City was fraudulently joined to the suit filed in Rhode Island Superior Court. Therefore, the City is disregarded for purposes of determining diversity of citizenship and complete diversity exists among the parties to this action. Moreover, SMM has established a reasonable probability that the amount in controversy exceeds $75,000. Therefore, this Court has subject matter jurisdiction and Plaintiff's Motion to Remand is DENIED.

IT IS SO ORDERED.

*William E. Smith*
William E. Smith
United States District Judge
Date:  January 16, 2013