UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
PROVIDENCE PIERS, LLC,             )
                                   )
         Plaintiff,                )
                                   )
    v.                             )    C.A. No. 12-532 S
                                   )
SMM NEW ENGLAND, INC.,             )
                                   )
         Defendant.                )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Defendant, SMM New England, Inc. ("SMM"), moves to strike George J. Geisser, III ("Geisser"), the designated expert of Plaintiff, Providence Piers, LLC, because his expert report is inadequate under Fed. R. Civ. P. 26(a)(2)(B) and his methodology is unreliable under Fed. R. Evid. 702. (Def.'s Mot., ECF No. 91.) Although Plaintiff has undeniably failed to comply with the dictates of Rule 26(a)(2)(B) and this failure is inexcusable, this Court deems preclusion to be too severe a sanction at this juncture. Accordingly, SMM's motion is DENIED WITHOUT PREJUDICE.

I.   Background

Plaintiff's claims of strict liability, negligence, trespass, nuisance, and tortious interference with

Plaintiff's use of its real property all arise from SMM's practice of stacking scrap on land directly adjacent to Plaintiff's property. Plaintiff alleges that the enormous weight of these scrap piles damaged the buildings on its property. After filing this action, Plaintiff submitted a claim to its insurer seeking coverage for the damage. In the course of investigating the claim, Plaintiff's insurer retained Exponent, Inc. ("Exponent"), a technical consulting firm, to investigate the cause of the damage. Exponent conducted its investigation and compiled a report detailing its investigative efforts and conclusions.

During discovery, SMM learned of the Exponent report and strove to get its hands on it. Magistrate Judge Patricia A. Sullivan ordered Plaintiff's insurer to produce the report. (ECF No. 76.) The report concluded that "differential settlement" was causing damage to the buildings on Plaintiff's property and that, although this differential settlement predated SMM's scrap-metal operations, SMM's operations exacerbated the problem.

On the deadline for disclosing its expert witnesses, Plaintiff designated Geisser as its sole expert witness. In connection with this disclosure, Plaintiff also produced Geisser's expert report. (Geisser Report, Ex. B to Def.'s

Mot., ECF No. 91-3.) SMM contends that this report fails to comply with Rule 26(a)(2)(B) and that, therefore, Geisser must be precluded from testifying as an expert in this case.

II. Discussion

Federal Rule of Civil Procedure 26(a)(2)(B) requires that, in the case of a witness "retained or specially employed to provide expert testimony in the case," a party's expert disclosure must be accompanied by a written report. Rule 26's written-report requirement is vital to ensuring that the opposing party can "prepare effectively for trial." Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 78 (1st Cir. 2009); see also Samaan v. St. Joseph Hosp., 670 F.3d 21, 35 (1st Cir. 2012). "The requirement is self-executing and does not countenance selective disclosure." JJI Int'l, Inc. v. Bazar Grp., Inc., C.A. No. 11-206ML, 2013 WL 3071299, at *4 (D.R.I. Apr. 8, 2013). Conversely, the "[f]ailure to include information . . . that is specifically required by Rule 26(a)(2)(B) . . . frustrates the purpose of candid and cost-efficient expert discovery." Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico, 248 F.3d 29, 35 (1st Cir. 2001).

Rule 26 leaves no doubt about the detail that must be included in an expert report. The rule sets forth a list of the essential ingredients, including, inter alia, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii).

In this case, the exceedingly brief Geisser Report falls well short of the mark in both respects. Viewed charitably, it contains the following three discernable opinions: (1) the "soils" on SMM's property, which "are not stable or capable of supporting" the "substantially heavy load" created by SMM's scrap-metal operations, "are being pressurized, and[,] because of the close proximity to [Plaintiff's] Buildings, the supporting soil, primarily below the south walls, is being affected"; (2) "the loading placed on the unstable soils, coupled with the vibrations being caused by the work on the SMM site, are the leading contributors to the ongoing settlement affecting [Plaintiff's] Buildings"; and (3) "without proper stabilization and repair of the affected walls, a collapse of one or more of the walls will occur in the not too distant future." (Geisser Report 1-2.)

The Geisser Report utterly fails to set forth the requisite "complete statement of . . . the basis and reasons for" Geisser's opinions. Fed. R. Civ. P. 26(a)(2)(B)(i). For starters, Geisser makes no attempt to state the basis for or reasons behind the first and third opinions quoted above. Regarding his second opinion, Geisser claims to base it on his recent observations of the property and the Exponent report. However, the Geisser Report does not describe his recent observations or explain why they support his opinions. Similarly, Geisser does not identify the pertinent passages of the Exponent report — beyond offering a general explanation of the report's conclusion "that the walls and floors adjacent to the SMM property are settling due in large part to the heavy loads, and vibrations from activity on the SMM site" — or explain how the Exponent report supports his opinions. (Geisser Report 1.) Finally, although Geisser refers to a comparison of "crack-monitor" readings, his report does not relay those readings, explain how they support his opinions, or even explain what they measure.

Far from conveying "the testimony the witness is expected to present during direct examination, together with the reasons therefor," Fed. R. Civ. P. 26(a)(2)(B),

5

adv. comm. note, 1993 Amendment, the report provides merely Geisser's bottom-line conclusions, divorced from any explanation of the supporting basis or reasons. Indeed, Plaintiff has not offered any argument that the Geisser Report complies with this aspect of Rule 26.

The Geisser Report also fails to contain "the facts or data considered by [Geisser] in forming" his opinions. Fed. R. Civ. P. 26(a)(2)(B)(ii). The Advisory Committee Note to the 2010 Amendment to Rule 26(a)(2)(B) explains that "the intention is that 'facts or data' be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients." See also JJI, Int'l, 2013 WL 3071299, at *4.

Although the Geisser Report discloses the fact of the occurrence of his two onsite inspections in 2014, his prior test borings and installation of helical piles in 2005 and 2006, and the comparison of crack-monitor readings, no additional facts or data are disclosed. The report does not explain what was done or observed at either of the 2014 site inspections. To the extent that any measurements were taken or tests conducted during these site inspections, both the fact that they occurred and the results need to be disclosed. Additionally, the report makes clear that

6

Geisser took crack-monitor readings and compared them to earlier readings, but the report does not contain these readings.  Therefore, the report fails to comply with Rule 26 by omitting facts or data considered by Geisser in forming his opinions.  See id. at *1, *4-5 (concluding that an expert report failed to comply with Rule 26(a)(2)(B)(ii) when it omitted raw survey data considered by the expert).

Although it is readily apparent that the Geisser Report is insufficient under Rule 26, the question of the appropriate sanction for this discovery violation is not so easily resolved.  Federal Rule of Civil Procedure 37(c)(1) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Plaintiff — the party that has committed the discovery violation — bears the burden of showing that the violation was either substantially justified or harmless.  See Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 21 (1st Cir. 2001).  Plaintiff has not shouldered its burden on either preclusion escape hatch.

On the substantial-justification front, Plaintiff has not contested that the Geisser Report fails to contain the requisite complete statement of the basis and reasons for Geisser's opinions. This silence speaks volumes, and it indicates that Plaintiff has no justification — let alone a substantial one – for failing to include the required explanation of the basis and reasons behind Geisser's opinions. Plaintiff also has not shown that the report's omission of facts and data is substantially justified. Although Plaintiff lists in its Opposition all of the facts and data mentioned in the Geisser report, this effort simply emphasizes that the report omits facts and data considered by Geisser, such as the substance of the crack-monitor readings, for example.

Moreover, Plaintiff betrays a patently incorrect understanding of the purposes for the expert-report requirement. Plaintiff asserts that "SMM is free to depose Mr. Geisser on what he relied upon in forming these opinions." (Plaintiff's Opposition ("Pl.'s Opp'n") 7, ECF No. 92.) However, Rule 26 envisions disclosure of a written report containing all of the specified requirements <u>before</u> the expert is deposed because, as the Advisory Committee Note to the rule suggests, a sufficiently

detailed expert report may limit the scope of, or eliminate the need for, the expert's deposition. See Fed. R. Civ. P. 26(b)(4)(A), adv. comm. note, 1993 Amendment ("[T]he length of the deposition of . . . experts should be reduced, and in many cases the report may eliminate the need for a deposition."). By suggesting that Geisser's deposition can identify "what [Geisser] relied upon in forming [his] opinions," Plaintiff is shifting its burden of compliance with Rule 26 to SMM.

Finally, Plaintiff failed to seasonably supplement the Geisser Report even after SMM notified Plaintiff of the report's obvious deficiencies. Cf. JJI Int'l, 2013 WL 3071299, at *5 (finding substantial justification where the raw survey data that was missing from the expert report was provided to the opposing party shortly after it was requested). Without question, Plaintiff's discovery violation was not substantially justified.

Plaintiff fares no better in attempting to show that its noncompliance with Rule 26(a)(2)(B) was harmless. The Advisory Committee Note to the 1993 Amendment to Rule 37(c)(1) offers the following examples of harmless violations:

> [T]he inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro se litigant of the requirement to make disclosures.

These examples "suggest a fairly limited concept of 'harmless,'" Gagnon v. Teledyne Princeton, Inc., 437 F.3d 188, 197 (1st Cir. 2006), and Plaintiff's blatant noncompliance with Rule 26(a)(2)(B) does not fall within this small umbrella.

Additionally, without some remedy for the grossly inadequate Geisser Report, SMM insists that it will be forced to depose Geisser to learn the information that should have been disclosed in the report and to avoid unfair surprise at trial. (Def.'s Mot. 15 n.3.) Such a scenario undermines the purpose behind the expert-report requirement. Furthermore, Geisser's deposition could reveal information that necessitates a response from SMM's rebuttal experts, which will inevitably cause delay now that expert discovery has closed. See Genereux v. Raytheon Co., 754 F.3d 51, 60 (1st Cir. 2014) (explaining that the need to redo discovery harms both the opposing party and the court's interest in administering its docket). Therefore, this violation was not harmless.

Because Plaintiff's noncompliance with Rule 26(a)(2)(B) was neither substantially justified nor harmless, the "baseline sanction" called for by Rule 37(c)(1) is preclusion of the witness. Gay v. Stonebridge Life Ins. Co., 660 F.3d 58, 62 (1st Cir. 2011). However, "preclusion 'is not a strictly mechanical exercise,'" and this Court has discretion to choose a less severe sanction. Id. (quoting Esposito, 590 F.3d at 77). In selecting the appropriate sanction, courts consider "a multiplicity of pertinent factors," such as: (1) "the history of the litigation"; (2) "the proponent's need for the challenged evidence"; (3) "the justification (if any) for the late disclosure," or, as in this case, the incomplete disclosure; (4) "the opponent's ability to overcome its adverse effects, including [s]urprise and prejudice"; and (5) "what the [incomplete] disclosure portends for the court's docket." Samaan, 670 F.3d at 36-37 (quoting Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2003)). Finally, "when '[a] sanction carrie[s] the force of a dismissal, the justification for it must be comparatively more robust.'" Id. at 36 (quoting Esposito, 590 F.3d at 79).

In this case, although the Court is troubled by Plaintiff's profound noncompliance with Rule 26(a)(2)(B), there is some basis for concluding that the sanction of preclusion is not warranted at this time. Most importantly, Plaintiff appears to have a strong need for Geisser's expert testimony. See Esposito, 590 F.3d at 78-80. Although Plaintiff's nuisance and trespass claims might not require expert testimony, Plaintiff must have an expert in order to establish a causal link between SMM's scrap-metal operations and the differential settlement occurring on Plaintiff's property, as this link requires "scientific, technical, or other specialized knowledge," Fed. R. Evid. 702, that is not possessed by a lay person. Because the expert-disclosure deadline has long passed, Plaintiff will not have such an expert if Geisser is struck; and, inevitably, the claims hinging on this causal link would then fall away.

Additionally, the history of this litigation favors giving Plaintiff another chance. This is not a case in which Plaintiff has routinely flouted its discovery obligations and deadlines. Rather, this appears to be a one-time, albeit major, breach of the rules, arguably the result of a lack of understanding or care and not malice or

bad faith.[1]  Therefore, this Court is reluctant to impose "a fatal sanction . . . for a single oversight."  Esposito, 590 F.3d at 79.

To be sure, not all of the factors weigh against preclusion.  As explained above, Plaintiff has offered no justification — substantial or otherwise — for its noncompliance.  Additionally, if Plaintiff is permitted to supplement the Geisser Report, expert discovery will need to be reopened to allow SMM a reasonable amount of time to determine whether supplemental rebuttal reports are needed.  Moreover, SMM will incur costs associated with reviewing Geisser's supplemental report and, if deemed reasonably

---

[1] SMM argues that the history of the litigation favors preclusion because Plaintiff is engaging in gamesmanship. Because Plaintiff's attempt to depose the author of the Exponent report without paying his customary expert fee was rebuffed by Judge Sullivan, SMM contends, Plaintiff has employed Geisser to parrot Exponent's conclusions without paying Exponent.  Although this argument is not without some force, this Court is reluctant to conclude that any sinister gamesmanship is afoot.  Plaintiff has stated that its effort to depose Exponent's representative occurred before the Exponent report was produced to the parties and that, after seeing the report's favorable conclusions, Plaintiff decided that a deposition of Exponent was "not a pressing matter."  (Plaintiff's Opposition 2, ECF No. 92.) Additionally, Plaintiff stated at the hearing on this motion that its deposition of the author of the Exponent Report will occur in the near future, with Plaintiff paying the customary expert fee.

necessary, compiling supplemental rebuttal reports of its own.

However, any potential prejudice to SMM that supplementation would cause can be reduced. Plaintiff has stated that, if supplementation is allowed, Geisser's opinions would not change and no new opinions would be added. (Pl.'s Opp'n 8.) In other words, any supplementation will cure the deficiencies in the original report — the absence of the basis and reasons for Geisser's opinions and the facts and data he considered in forming those opinions — and go no further.

Additionally, the limited scope of the supplementation should narrow the scope of any supplemental discovery efforts that Defendant deems necessary. Finally, taxing SMM's reasonable attorneys' fees and costs occasioned by supplementation to Plaintiff will further alleviate any prejudice.

In sum, although Plaintiff's noncompliance with Rule 26(a)(2)(B) is troubling, the possibility that preclusion of Geisser will be tantamount to a dismissal of some of Plaintiff's claims looms large. Accordingly, this Court determines that Plaintiff may supplement the Geisser Report, but, as a sanction, SMM's reasonable attorneys'

fees and costs that are occasioned by supplementation will be taxed to Plaintiff.  If Plaintiff fails to produce a supplemental report that complies with the particulars of Rule 26(a)(2)(B), Geisser will not be permitted to testify as an expert witness.

III. Conclusion

For these reasons, Plaintiff is ordered to produce a supplement to the Geisser Report within thirty (30) days of the date of this order.  Any supplemental report will only address the deficiencies identified in this order; no alteration or additional opinions are permitted.  If, at the expiration of this time period, Plaintiff has not provided a supplemental expert report that fully complies with Rule 26(a)(2)(B), Geisser will not be permitted to testify as an expert witness at trial.  If Plaintiff does produce a compliant supplemental expert report, it will bear SMM's reasonable attorneys' fees and costs occasioned by that supplementation, including, but not limited to, the review of the supplemental report, the preparation of supplemental rebuttal reports, and the deposition of

Geisser.  SMM's motion to strike is DENIED WITHOUT PREJUDICE.[2]

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date:  November 6, 2014

---

[2] Because this Court is permitting Plaintiff to supplement the Geisser Report, SMM's argument that Geisser's methodology is unreliable under Fed. R. Evid. 702 will not be addressed at this time.